UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEROME J BLYDEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-86 |
| | § | |
| KEITH ROY, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Prison Camp in Three Rivers, Live Oak County, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 13, 2013, arguing that the United States District Court where he was convicted and sentenced violated his constitutional rights in a number of ways. For the reasons stated herein, it is respectfully recommended that Petitioner's cause of action be dismissed because the relief he seeks can be granted only via a petition brought pursuant to 28 U.S.C. § 2255.

### **JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

### **BACKGROUND**

On May 10, 2010, a jury found Petitioner guilty of assault with a dangerous weapon in aid of racketeering activity in the United States District Court for the District

of the Virgin Islands, in Cause No. 3:13-cv-0017-CVG (Docket Sheet for that case, located herein at D.E. 15-3 at 17). On November 12, 2010, an amended judgment was entered and Petitioner was sentenced to a term of seventy-eight months, a supervised release term of one year, a $100.00 special assessment and a $2,000.00 fine (*Id.* at 20). Petitioner filed a direct appeal and his conviction was affirmed on June 9, 2011. *United States v. Blyden*, 431 Fed. Appx. 133 (3rd Cir. 2011)(not designated for publication). Petitioner sought a writ of certiorari and it was denied on February 21, 2012. *Blyden v. United States*, 132 S.Ct. 1587 (2012). On February 26, 2013 Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Virgin Islands district court and the motion was pending as of the date of filing this Memorandum and Recommendation.

In the § 2241 motion under consideration herein, Petitioner argues the following: (1) it would be futile for him to exhaust his administrative remedies; (2) the district court violated his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments as well as the Revised Organic Act of 1954, 48 U.S.C. § 1561;[1] (3) formal written charges were never presented to the Grand Jury; (4) Petitioner was not charged with an indictment which is a jurisdictional defect and (5) the Court erred in imposing the 78-month sentence. In the motion to dismiss, Respondent argues that Petitioner's claims are not cognizable in a § 2241 petition and should be dismissed. Respondent agrees that it would be futile for Petitioner to exhaust his administrative remedies because the BOP cannot give him the relief he seeks.

---

[1] Section 3 of the Revised Organic Act of the Virgin Islands expresses the congressional intent to make the federal Constitution applicable to the Virgin Islands to the fullest extent possible consistent with its status as a territory. *In re Brown*, 439 F.2d 47 (3rd Cir. 1971).

## APPLICABLE LAW

**A.  28 U.S.C. § 2255**

A § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing.  *Id.*  A § 2255 motion must be filed in the sentencing court.  *Id.*  A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Id.* at 452.

All of Petitioner's claims are based on the conviction and sentence imposed by the Virgin Islands district court.  He asks this Court to vacate and remand his conviction with instructions to dismiss the action and grant his immediate release.   However, because the actions about which Petitioner complains occurred at or prior to sentencing, he must challenge them in the sentencing court via a § 2255 action, which Petitioner has already done.

In addition, the only way Petitioner could bring his claim under §2241 would be to invoke the savings clause of § 2255 by showing that it is inadequate or ineffective to test the legality of his conviction.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam).

The savings clause provides as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it

>also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

>[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)(italics in original)(citing *Pack*, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Id*. at 901 (citing *Pack,* 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. *Pack*, 218 F.3d at 452-453. Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. *Id*. at 453.

Petitioner in this case has made no effort to show that § 2255 is inadequate or ineffective for addressing his challenge to his sentence. Accordingly, it is recommended

that his cause of action be dismissed because this court does not have jurisdiction to consider his § 2255 claim and also because he cannot show that § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

### B. Certificate of Appealability

Respondent argues that Petitioner's motion should be recharacterized as a § 2255 motion to vacate and that he should be denied a Certificate of Appealability ("COA").[2] However, as discussed above, this district court does not have jurisdiction to consider a § 2255 claim brought by Petitioner because he was not sentenced in this Court. Petitioner brought his claim under § 2241 and it is recommended that relief be denied because the claims he brings are not cognizeable under that section of the statute. The sole reason to recharacterize his claim as a § 2255 motion would be to deny him a Certificate of Appealability. It is recommended that the District Court decline to recharacterize Petitioner's claim as a § 2255 motion.

### RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Respondent's motion to dismiss (D.E. 16) be GRANTED and Petitioner's 28 U.S.C. § 2241 cause of action be DISMISSED. It is further recommended that Petitioner's cause of action not be

---

[2] Petitioners seeking relief under 28 U.S.C. § 2255 must have a Certificate of Appealability before seeking an appeal. 28 U.S.C. § 2253 (c)(1)(B). Petitioners proceeding under 28 U.S.C. § 2241 are not required to seek a Certificate of Appealability prior to filing an appeal. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

recharacterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255.

Respectfully submitted this 17th day of July, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS of being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS of being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).