UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEROME J BLYDEN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-86 |
| | § | |
| KEITH ROY, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS

Pending before the Court is Respondent's Motion to Dismiss. (D.E. 15). On July 17, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation (D.E. 18) addressing Respondent's Motion to Dismiss. (D.E. 15). The Magistrate Judge recommends that Respondent's Motion to Dismiss be granted. Petitioner timely filed his Objections on July 29, 2013. (D.E. 19).

In recommending dismissal of Petitioner's § 2241 action, the Magistrate Judge found that Petitioner's claims and requested relief constituted a collateral attack on his sentence and could only be challenged via a § 2255 action. Further, the Magistrate Judge found that the savings clause of § 2255 was inapplicable in this case. Petitioner's Objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's conclusion that § 2255 is the exclusive vehicle for the relief that he seeks. Petitioner has mounted an attack against his conviction, claiming that it violates several constitutional amendments as well as a federal statute and seeks immediate release. "A section 2255 motion . . . provides the

1 / 4

primary means of collateral attack on a federal sentence. Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing . . . [and] must be filed in the sentencing court." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2010) (internal citations omitted). By contrast, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Id. (internal citations omitted). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Id. at 452.

Since Petitioner challenges his conviction and not the conditions of his confinement, a § 2255 motion is appropriate. Although a § 2241 motion challenging a conviction can be adjudicated by construing it as a § 2255 motion, this Court lacks jurisdiction to do so since it is not the sentencing court. See 28 U.S.C. § 2255 (2006). Accordingly, unless the savings clause applies, Petitioner's claim must be dismissed.

A petitioner can properly proceed with a collateral attack under § 2241 by invoking the savings clause articulated in 28 U.S.C. § 2255(e). The savings clause applies when bringing an action under § 2255 would be inadequate or ineffective. 28 U.S.C. § 2255(e) (2006 & Supp. 2011). Section 2241 is not a "mere substitute" for § 2255, and a petitioner bears the burden of proving that the § 2255 remedy is inadequate or ineffective. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).

The Fifth Circuit has observed that § 2255 remedies are deemed inadequate or ineffective "only in extremely limited circumstances." Pack, 218 F.3d at 452 (quoting

Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)). Additionally, the Fifth Circuit has established a two-prong test for determining when a § 2255 remedy is inadequate or ineffective. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Reyes-Requena, 243 F.3d at 904. Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id.

Petitioner has not sustained his burden to show that § 2255 is inadequate or ineffective to test the legality of his detention. In his Objections, Petitioner does not make any attempt to support a claim that he is challenging the conditions of his confinement. Indeed, Petitioner restates some of the same collateral attacks that render § 2241 inapplicable to his claim. Further, Petitioner makes no attempt to prove that his claim falls under the savings clause exception. Instead, he provides a historic account of habeas corpus. Neither the reaffirmation of his collateral attacks nor an account of the origins of habeas relief establish a cognizable legal basis for granting the relief Petitioner seeks. Because Petitioner is challenging the legality of events leading up to and including his underlying conviction and the savings clause is inapplicable, § 2255 is his exclusive remedy. Petitioner's first objection is **OVERRULED.**

Second, Petitioner objects on the ground that he did not consent to the Magistrate Judge's disposition of his claim. His consent is not required for the procedure invoked here. The Federal Magistrates Act, 28 U.S.C. §§ 636-39 (2006), authorizes district judges to designate a federal magistrate judge to . . . hear, but not finally decide,

dispositive matters. Id. at § 636(b)(1)(B). Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts authorizes district judges to refer § 2255 petitions to a magistrate judge to propose recommendations for disposition.

The district judge may accept, reject, or modify the magistrate's recommendation after giving a petitioner an opportunity to object. 28 U.S.C. § 636(b)(1)(C). Petitioner's Objections to the Magistrate Judge's Memorandum and Recommendation are now before the District Judge for *de novo* review. This Court is making the dispositive ruling. Petitioner's second objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion to Dismiss (D.E. 15) is **GRANTED** and this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 25th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE